IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    v.                                    Case No.:     **1:23CR00191-001**

RICHARD AVIRETT,

    Defendant.

### AMENDED DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Pursuant to Section 6A1.2 of the *Federal Sentencing Guidelines* the defendant, RICHARD AVIRETT, comes now and submits the following:

**I.**    **Objections to Presentence Report**

The defendant does not object to any of the factual assertions in the report.

**II.**    **Sentencing Factors**

A sentencing court is required to consider the guidelines ranges, *see* 18 U.S.C.A 3553(a)(4)(Supp. 2004), but is permitted to tailor the sentence in light of other statutory concerns as well. Specifically, 18 USC 3553(a) notes:

> The court shall impose a sentence **sufficient, but not greater than necessary,** to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2)    the need for the sentence imposed—
>     (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B)    to afford adequate deterrence to criminal conduct;
>     (C)    to protect the public from further crimes of the defendant; and
>     (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3)    the kinds of sentences available;
> (4)    the kinds of sentence and the sentencing range established for—

      (A)    the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; or

      (B)    in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;

(5)    any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;

(6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)    the need to provide restitution to any victims of the offense.

The Supreme Court has described the process for imposing a sentence under the advisory sentencing guidelines as follows:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable [United States Sentencing] Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the [18 U.S.C.] §3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance…[A] major departure should be supported by a more significant justification than a minor one. After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.

*Gall v. United States,* 128 S.Ct. 586, 596-97 (2007)(citations and footnote omitted; *see also Kimbrough v. United States*, 128 S.Ct. 558, 569-70 (2007).

### A. Advisory Sentencing Guidelines

As noted in the presence report the federal advisory guidelines do not apply to the single count of conviction. The statutory maximum period of incarceration is six months.

### B. § 3553(a) Sentencing Factors

In addition to considering the advisory sentencing range recommended under the federal sentencing guidelines, and statutory restrictions this Honorable Court must also consider the sentencing factors set forth in § 3553(a). The defendant submits an application of these factors to the case at bar leads to the conclusion that a probationary sentence would be sufficient and not greater than necessary.

#### 1. History and Characteristics of The Defendant

The presentence investigative report summarizes Mr. Avirett's background. Although the guidelines do not apply to his offense of conviction, an application of the guidelines to his criminal history would produce a category I. His history is devoid of any arrests for weapons, firearms, or crimes of violence.

Mr. Avirett does have a history of alcohol abuse. His over consumption began shortly after his military tour in Iraq. It appears Mr. Avirett turned to alcohol in an effort to self-medicate as a consequence of this post-traumatic stress syndrome. He has managed his drinking which has not caused him any significant legal or employment issues. Nevertheless, it appears he would benefit from mental health and substance abuse counseling.

The defendant is a high school graduate. He served in the military until receiving an honorable discharge. Mr. Avirett is a certified licensed firearm instructor. As a consequence of

his arrest in this matter, his employment was interrupted. He currently owns and operates a small lounge in Georgia. There is nothing about his educational, vocational, or employment history that would suggests the need for incarceration.

The events of January 6, 2021, not only adversely impacted our nation in a profound way, it is clear that Mr. Avirett's participation has had an equal impact on him. As he writes to the court,

> My career of 20 years lost, abandoned by my children and family due to embarrassment, and an unbearable harassment as a top security risk at airports as well as shunned by my neighbors. I have never known such a low in my life to the point of the loss of hope, meaning and purpose.

Mr. Avirett accepts responsibility for his conduct. He truly understands that his actions on January 6, 2021, were wrong. His acknowledgment of his wrongdoing mitigates in favor of a probationary sentence.

## 2. Nature of the Offense

The is no doubt that the nature of the offense is a serious one. Again, Mr. Avirett fully acknowledges the nature of the offense. He entered a plea of guilty and embraces the statement of offense filed in conjunction with her plea agreement with the government. The events of January 6, 2021, were disturbing to our nation. Mr. Avirett understands that he unfortunately played a role in the events.

Mr. Avirett, like millions of Americans, became convinced that the results of the 2020 presidential elections were the result of fraud. This belief was fueled by Congressional leaders and the President of the United States. Driven by this belief, Mr. Avirett travelled to Washington, District of Columbia. He joined other and entered the Capitol sometime after the initial breach.

4

He remained in the building for approximately 7 minutes. While in the building Mr. Avirett did not possess any weapons. He also did not assault any law enforcement officers.

On January 6, 2021, Mr. Avirett, along with nearly 40,000 other participants, at the direction of President Donald J. Trump went to the Capitol. This Honorable Court is all too familiar with what would soon follow. It is noteworthy that Mr. Avirett did not assault any member of law enforcement. She entered the Capitol after others had caused the breach. Nor did Mr. Avirett use any weapons.

Although the government may suggest otherwise, there is nothing particularly aggravating about his conduct on January 6, that would warrant a period of incarceration. Unlike many who participated in the demonstration he did not bring, possess, or use any weapons. There is no evidence of him physically assaulting members of law enforcement. Individually and collectively these factors support a sentence of probation, not incarceration.

    3. **Need to Deter**

Since his arrest Mr. Avirett has been on pretrial supervision. He remains under restrictions imposed by this Court. During that time, he has not been subject to any new arrest. He has complied with all conditions. The restraints on his liberty have been consequential. It provides more than adequate specific deterrence for Mr. Avirett. Most significantly he will forever be reminded of his role in one of the darkest days in our country's history. It is something that he will be confronted with for the rest of his life.

The impact on Mr. Avirett has gone beyond any restrictions on his liberty imposed thus far by this Honorable Court. He, and his family, have been the subject of a barrage of local media coverage. In the media he has been depicted as an extremist who participated in a terrible attack

on our country.[1] As a father it has been particularly difficult for him. Other family members, to include his children, have been negatively impacted. While he appreciates that this is a direct result of his actions it nevertheless has caused consequences he did not envision on that day. It only provides further reason for this Honorable Court to be confident that there is no need for incarceration to deter her actions in the future. He gets it.

Beyond specific deterrence this Court must also account for general deterrence. Even under this analysis no period of incarceration is warranted. As the Court knows, Mr. Avirett is not the only individual prosecuted for his involvement on January 6. More than 1,000 individuals have been arrested. This fact alone serves as a deterrence to the public. Some have received lengthy prison sentences. Lives have been disrupted. There is no reason to believe that imposing a prison term on Mr. Avirett would do anything more to deter the public from committing similar offenses. The world is on notice that such conduct will lead to serious consequences.

### 4. Need to Avoid Unwarranted Disparities

This Honorable Court must remain mindful of the need to avoid unwarranted disparities between similarly situated defendants. The government advocates for a sentence of 45 days of incarceration. Again, the advisory guidelines do not apply. Mr. Avirett's conviction is a misdemeanor. In determining an appropriate sentence Mr. Avirett urges this Honorable Court to

---

[1] *See* https://www.11alive.com/article/news/special-reports/capitol-insurrection/richard-avirett-arrest-jan-6-georgia/85-bf489d85-fd83-42e8-ab7f-15588a6595e1;
https://nowhabersham.com/jan-6-suspect-sought-by-fbi-arrested-in-cleveland/
https://www.wrwh.com/updated-an-fbi-suspect-arrested-by-cleveland-police-officer/
https://www.insider.com/all-the-us-capitol-pro-trump-riot-arrests-charges-names-2021-1
https://vozwire.com/marine-corps-vet-richard-avirett-took-part-in-the-jan-6-capitol-riot-but-hasnt-been-charged/
https://www.businessinsider.nl/at-least-874-people-have-been-charged-in-the-capitol-insurrection-so-far-this-searchable-table-shows-them-all/

examine and consider other sentences imposed on defendants convicted of criminal offenses connected with January 6.

Again, Mr. Avirett is not before the Court on a felony conviction. His offense did not involve any acts of violence. He has no prior convictions. Consistent with the sentences imposed on other similarly situated January 6 defendants a sentence of probation is appropriate.

There is no legitimate reason to treat Mr. Avirett significantly harsher than others who have been held accountable for their participation in the January 6 events. Yes, Mr. Avirett violated the law. However, he did not physically attack any law enforcement officers. He did not directly cause any bodily injury to any law enforcement officers. He does not stand convicted of a conspiracy offense. He did not possess or employ any weapons.

This Honorable Court understands many of those convicted of January 6 offenses possessed weapons. Many employed pepper and bear spray. Some offenders used other weapons against law enforcement. All these actions are far more serious transgressions than those performed by Mr. Avirett. His punishment should be reflective of his actions and should be imposed with an understanding of the treatment of others.

Mr. Avirett submits the comparison to others made by the government in her sentencing memorandum are inappropriate. He further submits a 45-day period of incarceration would be greater than necessary.

*United States v. Jordan Revlett*, 21-cr-281 (JEB)

The defendant was sentenced to serve 45 days of incarceration. Like Mr. Avirett, he entered the Capitol after the initial breach by others. While inside the Capitol their respective

conduct was similar. However, unlike Mr. Revlett this defendant did nothing inside the Capitol to encourage other rioters. And while the government suggests otherwise, Mr. Avirett has expressed genuine remorse for his conduct. Mr. Revlett also spent 32 minutes inside of the Capitol actively adding to the chaos.

*United States v. Frank Giustino* 1:23-CR-16 (JEB)

Mr. Giustino was sentenced to serve 90 days of incarceration. Mr. Giustino "aggressively confronted police" at the Capitol. 1:23-CR-16, Dkt. 40, p. 21. Mr. Avirett did not. Mr. Giustino's conduct before the court is also distinguishable. Mr. Avirett has appeared for all court appearances in a timely and respectful manner. This distinguishes Mr. Avirett.

*United States v. Adam Honeycutt*, 22-cr-50 (CJN)

Mr. Honeycutt received a sentence of 90 days of incarceration. While his conduct may be similar to Mr. Avirett, his criminal history distinguishes him from this defendant. As the government notes in her sentencing memorandum, Mr. Honeycutt was already serving a sentence at the time he was sentenced for his participation in January 6. Mr. Avirett does not have any criminal history.

Lack so many others, Mr. Honeycutt also appears to have destroyed evidence of his involvement in January 6. *See* 22-cr-50 Dkt. 38, p. 2. Again, Mr. Avirett did not.

*United States v. Annie Howell*, 21-cr-217 (CJN)

Ms. Howell received 60 days of incarceration. Unlike Mr. Avirett, while in the Capitol she encouraged other rioters. According to the government sentencing memorandum filed in that matter Ms. Howell also "cursed" at law enforcement officers. *See* 21-cr-217, Dkt. 35, p. 2. Further

8

she "falsely blaming the law enforcement officers for the violence on January 6." *Id.* Significantly she also "destroyed evidence." *Id.* Mr. Avirett did nothing of the kind. His actions are distinguishable.

Ms. Howell's preparation before January 6 for a violent and unlawful confrontation also makes her distinguishable from Mr. Avirett. According to the government sentencing memorandum filed in that matter, Ms. Howell came to Washington, DC prepared to go to jail and bragged about receiving a shipment of pepper spray. *Id.* p. 8.

Other Probationary Sentences

As the court is undoubtedly aware, many defendants convicted of misdemeanor offenses have received probationary sentences.[2] The common denominators between them appears to be (1) lack of evidence of any pre-planning; (2) no assaultive conduct; (3) no weapon possession; and (4) lack of criminal history. Mrs. Avirett squarely satisfies these criteria. Upon information and belief, more than 80 similarly situated defendants have received probationary sentences. Some

---

[2] *See United States v. Anna Morgan-Lloyd*, Crim. No. 21-164 (RCL)(36 months probation); *United States v. Valerie Ehrke*, Crim. No. 21-097 (PLF)(36 months probation); *United States v. Danielle Doyle*, Crim. No. 21-324 (TNM)(2 months' probation); *United States v. Eliel Rosa*, Crim. No. 21-068 (TNM)(12 months probation); *United States v. Vinson, et al.*, Crim. No. 21-355 (RBW) (5 years probation); *United States v. Jacob Hiles*, Crim. No. 21-155 (ABJ)(2 years probation); *United States v. Sean Cordon*, Crim. No. 21-269 (TNM) (2 months probation); *United States v. John Wilkerson, IV*, Crim. No. 21-302 (CRC)(3 years probation); *United States v. Andrew Wigley*, Crim. No. 21-042 (ABJ)(18 months probation);; *United States v. Brandon Nelson and Abram Markofski*, Crim. No. 21-344 (JDB)(2 years probation); *United States v. Douglas Wangler and Bruce Harrison*, Crim. No. 21-365 (DLF) (2 years probation); *United States v. Jonathan Sanders*, Crim. No. 21-384 (CJN)(3 years probation); *United States v. Jennifer Parks*, Crim. No. 21-363 (CJN)(24 months probation); *United States v. Douglas Sweet*, Crim. No. 21-041(CJN)(3 years probation); and *United States v. Thomas Gallagher*, Crim. No. 21-041 (CJN)(2 years probation).

have included periods of home incarceration and community service. Mrs. Avirett submits his conduct warrants a similar outcome.

### C.     Recommended Sentence

Mr. Avirett submits a sentence of probation would satisfy the legitimate goals of sentencing. Such a sentence followed by a period of supervised release would be consistent with other sentence imposed in those convicted of criminal violations arising out of the January 6 events at the Capitol.

### III. Conclusion

Wherefore the defendant, **RICHARD AVIRETT**, respectfully requests that this Honorable Court sentence to a period of probation.

I ASK FOR THIS:

_____/s/_____
Robert L. Jenkins, Jr., Esq.
United States District Court Bar No.: CO0003
Bynum & Jenkins Law
1010 Cameron Street
Alexandria, Virginia 22314
(703) 309 0899 Telephone
(703) 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant RICHARD AVIRETT

**CERTIFICATE OF SERVICE**

      I hereby certify that I caused a true and accurate copy of the foregoing to be served upon all counsel of record via ECF on December 27, 2023.

_____/s/_____
Robert L. Jenkins, Jr., Esq.
United States District Court Bar No.: CO0003
Bynum & Jenkins Law
1010 Cameron Street
Alexandria, Virginia 22314
(703) 309 0899 Telephone
(703) 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant RICHARD AVIRETT